[No. 26510. Department One. April 30, 1937.]

R. L. Armstrong, *Respondent,* v. C. H. Goldberg
*et al., Appellants.*[1]

' *Sandvig & Walters,* for appellants.

*Everette R. Small* and *Thos. E.' Grady,* for respondent.

Main, J.—This action was brought to recover for fruit sold and delivered. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $448.45. The defendants moved for judgment notwithstanding the verdict, and, in the alternative, for a new trial, both of which motions were overruled, and from the judgment entered upon the verdict, they appeal.

[1]Reported in 67 P. (2d) 328.

The facts about which there is no conflict, or which the jury had a right to find, may be summarized as follows:

The respondent, R. L. Armstrong, was a fruit producer in Yakima county. C. H. Goldberg and Edward Goldberg did business as commission merchants under the name of Goldberg & Son, and the Standard Accident Insurance Company was surety upon their bond. July 1, 1935, the respondent sold to Goldberg & Son forty tons of pears at twenty-five dollars per ton and thirty tons of peaches at thirty-two dollars and fifty cents per ton. This contract was signed by C. H. Goldberg and the respondent. Subsequently, the fruit was delivered in the orchard and was thereafter placed in storage in Yakima by C. H. Goldberg. From time to time, he withdrew from the warehouse portions of the fruit and marketed it. Edward Goldberg was not served with process. The fruit not being paid for in full, the present action was brought to recover the balance due.

It is first contended that the contract made with the respondent was the individual contract of C. H. Goldberg, and was not the contract of the partnership, Goldberg & Son. Paragraph two of the complaint alleges:

"That C. H. Goldberg and Edward Goldberg were and now are copartners, doing business under the name and style of Goldberg and Son, in the state of Washington as commission merchants, and were duly licensed and authorized to carry on such business under the laws of the state of Washington; that as such commission merchants the said C. H. Goldberg and Edward Goldberg as Goldberg and Son duly filed their commission merchant's bond with the department of agriculture of the state of Washington in the sum of $1,000; that in said bond Goldberg and Son by C. H. Goldberg and Edward Goldberg as co-partners,

are principals, and Standard Accident Insurance Company, a corporation of the state of Michigan as surety."

The answer of C. H. Goldberg to the complaint recites:

"Answering paragraph No. 2, defendant admits the same."

Here is a distinct admission to the effect that C. H. Goldberg and Edward Goldberg were copartners doing business as commission merchants, and that they had filed a bond, required by law, with the department of agriculture of the state, and that the Standard Accident Insurance Company was surety upon that bond.

Upon the trial, C. H. Goldberg was called by the respondent as an adverse witness, and from his testimony and the introduction of a check in evidence, signed "Ed Goldberg, C. H. Goldberg," the jury had a right to find that the transaction with the respondent was on behalf of the copartnership, and was not the individual transaction of C. H. Goldberg.

As to the Standard Accident Insurance Company, it is bound by the admissions of C. H. Goldberg in his answer and his testimony upon the trial, it being surety upon the bond.

The law is that, in cases of suretyship, an admission of the principal, when made in good faith in connection with the obligations and duties to which the suretyship relates, is competent against the surety, if it does not go to the extent of varying his liability or of determining the rights of the several sureties as between themselves. 32 C. J. 405; 2 Wigmore on Evidence (2 ed.), § 1077.

Referring to the rule stated in the text of Wigmore on Evidence, cited above, it is said:

"It is enough to note that the principle finds constant application chiefly to the admissions of a co-

*promisor,* of a *principal* (against his surety), and of one or two other classes of liability."

It follows that the verdict of the jury was binding, not only upon the copartnership, but also upon the surety.

It is next said that no recovery could be had upon the contract because it was an illegal one, under Rem. Rev. Stat., § 2853 [P. C. § 2721], which prohibits the sale of infected fruit, as therein specified. The answer to this is that the contract does not so provide. It is recited therein, with reference to the pears, "culls out," and it is as to the pears that the objection was particularly directed. The evidence shows that a cull pear is one that is infected with scale or worms. It is clear, not only from the contract, but from the evidence, that the grower did not intend to sell, and the purchaser did not intend to buy, infected fruit, as defined in the statute referred to.

There are one or two other minor contentions which, we think, are not of sufficient moment to be specifically referred to. We have considered them and find in them no substantial merit.

The judgment will be affirmed.

STEINERT, C. J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.